UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

BRIAN FENSTERER,

       Plaintiff,                                Case No. 15-CV-10500-JCO-EAS

v.                                                Hon. John Corbett O'Meara

OPERATING ENGINEERS LOCAL 324
PENSION FUND and THE BOARD OF
TRUSTEES OF THE OPERATING ENGINEERS
LOCAL 324 PENSION FUND,

       Defendants,
_____/


**OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR DISCOVERY / PROCEDURAL CHALLENGE**

Before the court is Plaintiff's April 29, 2015 motion for discovery to support his claim for disability benefits under the Employee Retirement Income Security Act of 1974 (ERISA). This motion was decided without oral argument. For the reasons discussed below, Plaintiff's motion is denied.

**PROCEDURAL HISTORY**

Plaintiff suffers from a chronic spine condition and pursued Social Security Administration (SSA) disability benefits in May 2010. After the SSA denied his claim in July 2011, Plaintiff appealed to the United States District Court. The court reversed the SSA's ruling and remanded the matter back to the SSA with an order to allow Plaintiff benefits.

Thereafter, Plaintiff sought disability benefits from his union fund (Defendants). Defendants denied Plaintiff's claim and Plaintiff has appealed to this court pursuant to ERISA.

1

Plaintiff contends that the administrative record may not be complete and seeks limited discovery in support of his appeal.

## **LAW AND ANALYSIS**

Generally, no discovery is permitted when reviewing an action challenging a denial of benefits under ERISA. 29 U.S.C.§1132(a)(1)(B). The court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or an alleged bias on its part. Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609, 619 (6th Cir. 1993).

The court will not grant Plaintiff limited discovery to "learn whether or not there may be more to the record than is presented," to help in a "determination of when plaintiff became disabled." Plaintiff had the opportunity to add all of his medical history to the administrative record, including data that would show the true date of his disability. This is unlike in Pediatric Special Care, where the disorganization of plaintiff's record caused the administration's inability to correctly evaluate the plaintiff's claim. Pediatric Special Care, Inc. v. United Med. Res., No. 10-13313, 2011 WL 133038 (E.D. Mich. Jan. 14, 2011). Here, only one version of the administrative record existed, and it was the one used to make a decision. Plaintiff is merely speculating that his entire record was not used to make a favorable decision on his application, and provides no basis for the alleged procedural error. There is no evidence that the administrator denied Plaintiff due process.

The court will not grant Plaintiff limited discovery to inquire on Defendants' office policies, phone logs, or specifically, details of Plaintiff's wife's telephone conversation with a union representative. Even if this evidence were discovered, the fact that Defendants determined Plaintiff's claim in its absence does not show a procedural error, a bias on the part of the administrator or that Plaintiff's due process right was violated.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's motion for discovery/procedural challenge is **DENIED**, consistent with the above opinion.

Date: July 10, 2015                              s/John Corbett O'Meara
                                                 United States District Judge


I hereby certify that on July 10, 2015 a copy of this order was served upon counsel of record using the court's ECF system.

                                                 s/William Barkholz
                                                 Case Manager